UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOAN M. PIPKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV73 AGF |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S BRIEF IN SUPPORT OF THE ANSWER

Nature of Action and Prior Proceedings

This suit involves an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II.

Plaintiff's application was denied initially. On August 19, 2005, following a hearing, an administrative law judge (ALJ) rendered a decision, in which he found that Plaintiff was not under a "disability" as defined in the Social Security Act at any time through the date of his decision (Tr. 12-21). On March 24, 2006, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 3-6). Thus, the decision of the ALJ stands as the final decision of the Commissioner.

Statement of Facts

Plaintiff was born in February 1953, and reported having a twelfth grade education (Tr. 12, 65, 114). She filed her applications on June 7, 2004, alleging disability since May 12, 2004, due to osteoarthritis and bulging discs in her lumbar spine (Tr. 12-13, 65, 72, 108-09).

Plaintiff has vocationally relevant past work experience as a secretary and production line worker (Tr. 12, 69, 109). Defendant adopts the medical evidence as set forth in the ALJ's decision (Tr. 13-16). A discussion of the relevant facts is incorporated into the Argument below with cites to the corresponding transcript pages.

Statement of the Issue

The issue is whether the final decision of the Commissioner is supported by substantial evidence on the record as a whole.

Argument

A. Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. See Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. See Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. See Young v.Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted). The Eighth Circuit has noted that "[w]e defer heavily to the findings and conclusions of the SSA." Howard v.

Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

      B. Burden of Proof

      The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. See 20 C.F.R. § 404.1520. A claimant has the burden of proving disability by establishing a physical or mental impairment which will persist for at least 12 consecutive months and prevents him from engaging in substantial gainful activity. See Wiseman v. Sullivan, 905 F.2d 1153, 1155 (8th Cir. 1990). See also 42 U.S.C. §§ 423(d). The Supreme Court in Barnhart v. Walton, 122 S. Ct. 1265 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months. Plaintiff has not met this burden.

      C. The Commissioner's Decision

      The ALJ evaluated the entire record and determined that Plaintiff had medically determinable severe impairments consisting of degenerative disc disease of the lumbar spine and status post arthroscopic surgery on the right shoulder (Tr. 15). Although severe impairments were present, Plaintiff's impairments did not meet or equal any listed impairments described in the regulations found at 20 C.F.R., Part 404, Subpart P, Appendix 1 (Tr. 15-16).

      Because Plaintiff did not meet or equal a listed impairment, the ALJ continued through the sequential evaluation process and formulated Plaintiff's residual functional capacity (RFC). Based on his evaluation of the record, the ALJ found that Plaintiff's RFC for a range of sedentary work did not prevent the performance of her past relevant work as a secretary (Tr. 19-20). Therefore, Plaintiff was not disabled.

D. The Commissioner's Decision is Supported by Substantial Evidence

Contrary to Plaintiff's argument, the ALJ's decision is consistent with the standard for evaluating pain and other subjective complaints set forth in Polaski v. Heckler, 739 F.2d 1320 (order), supplemented, 751 F.2d 943 (8th Cir. 1984), and the regulations at 20 C.F.R. § 404.1529. The Eighth Circuit has repeatedly stated that, where adequately explained and supported, credibility findings are for the ALJ to make. See Lowe v. Apfel 226 F.3d 969, 972 (8th Cir. 2000), citing Tang v. Apfel, 205 F.3d 1084, 1087 (8th Cir. 2000). When the ALJ referred to the Polaski considerations and cited inconsistencies in the record, he may properly find a claimant not credible. See Lowe v. Apfel 226 F.3d 969, 972 (8th Cir. 2000); McKinney v. Apfel, 228 F.3d 860, 864 (8th Cir. 2000).

A review of the ALJ's decision shows that he considered the entire record and discussed objective and opinion medical evidence, Plaintiff's testimony, treatment measures and compliance with treatment measures, Plaintiff's activities, and Plaintiff's work history (Tr. 13-19). The question is not whether Plaintiff has some pain and limitation. Instead, the question is whether Plaintiff's pain and limitation is credible to the extent that it prevents her from performing substantial gainful activity. See Clark v. Chater, 75 F.3d 414, 417 (8th Cir. 1996). In this case, the evidence simply does not support the presence of disabling symptoms and limitations.

Although the medical evidence supports the presence of degenerative disc disease, and previous shoulder surgery, it simply does not support a finding that Plaintiff is limited to the degree alleged (Tr. 17). An MRI of Plaintiff's lumbar spine taken on June 13, 2003, showed L4-5 degeneration, minimal bulging discs at L3-4, minimal protrusion at L4-5, bulging disc at L5-

S1, no stenosis, and no displacement of perineural fat pads (Tr. 13, 193). On May 12, 2004, an x-ray of Plaintiff's lumbar spine indicated only moderate osteoarthritis (13, 159). At that time, Plaintiff was advised to stay off work at the chicken processing plant for a while (Tr. 13, 159). By May 21, 2004, Plaintiff was showing some improvement (Tr. 14, 158, 170). Consultative physician, Dr. James Palen examined Plaintiff on August 4, 2004, and found essentially normal joints with no inflammation or swelling, no restriction of movement or deformity of Plaintiff's back, and the ability to walk, bend, squat, and rise from the squatting position (Tr. 14, 17, 147-48). Based on his examination, Dr. Palen stated that Plaintiff should have no limitations with regard to work-related abilities including sitting, standing, walking, lifting, carrying, or handling objects (Tr. 14, 148). The doctor also stated that his clinical impression was "relatively mild osteoarthritis and a bulging disc of a mild degree [and] of questionable clinical significance" (Tr. 14, 148). On November 12, 2004, Plaintiff's treating nurse noted that Plaintiff was in not acute distress, that she walked with a slow gait, and straight leg lifting was negative for radiculopathy (Tr. 14, 128). Right shoulder arthroscopic surgery on November 29, 2004, revealed a small spur, but no real tear of the tendon (Tr. 14, 135-36). On March 23, 2005, the day after Plaintiff was involved in a motor vehicle accident, she walked with a normal gait, and an x-ray of the cervical spine revealed moderate spurring and mild narrowing of C6-7 with no acute cervical spine abnormality (Tr. 15, 121). Ms. Vaughan noted that cervical and lumbar spine x-rays were reviewed by a doctor who noted no obvious abnormalities (Tr. 121). An MRI of Plaintiff's cervical spine on April 7, 2005, revealed only minimal osteoarthritis, and a slight bulging disc at C5-6 with no evidence of spinal stenosis or encroachment of the cervical cord (Tr. 15, 134).

5

While the lack of objective medical evidence is not dispositive to the question of a claimant's credibility, it must be considered as an important factor. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997); Johnson v. Chater, 108 F.3d 942, 947 (8th Cir. 1997); 20 C.F.R. § 404.1529(c)(2). Furthermore, an impairment which can be controlled by treatment or medication is not considered disabling. See Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004).

The ALJ also considered Plaintiff's activities in evaluating the credibility of her alleged symptoms and limitations (Tr. 18). Plaintiff testified that she lived alone and was able to drive when necessary (Tr. 18, 203, 208). She even estimated that she drove close to 80 miles to the administrative hearing (Tr. 208). Plaintiff also testified that she did laundry, shopped for groceries once per week, and played games on the computer (Tr. 18, 208, 215). On a daily activities report completed June 18, 2004, Plaintiff indicated that she cooked, did laundry, and cleaned (Tr. 18, 94). The Eighth Circuit has noted that activities which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility. See Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001).

The evidence also suggests that Plaintiff tended to exaggerate her symptoms and/or not give full effort on examination (Tr. 17). Dr. Palen noted that he was "not convinced" that Plaintiff made a good effort when she was told to perform strength testing at his August 2004 consultative examination (Tr. 17, 148). On April 6, 2005, Plaintiff reported severe pain in her neck and was "not moving it voluntarily much" (Tr. 17, 118). At that time, Plaintiff's nurse found that flexion was only 20 degrees and extension was only 10 degrees (Tr. 17, 118). However, an MRI the next day revealed only minimal osteoarthritis and a slight bulging disc at

6

C5-6 (Tr. 17, 134). An ALJ may properly consider a claimant's exaggeration of his symptoms in evaluating his subjective complaints. See Jones v. Callahan, 122 F.3d 1148, 1152 (8th Cir. 1997); Jenkins v. Bowen, 861 F.2d 1083, 1086 (8th cir. 1988). The Eighth Circuit has also held that an ALJ may discount a claimant's subjective complaints for, among other reasons, that he appeared to be motivated to qualify for disability benefits. See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) ("[T]he ALJ found that Eichelberger had objectively determinable impairments, but also noted that her incentive to work might be inhibited by her long-term disability check of $1,700 per month. Gaddis v. Chater, 76 F.3d 893, 896 (8th Cir.1996) (allowing an ALJ to judge credibility based on a strong element of secondary gain).").

There is also evidence that Plaintiff failed to comply with treatment which could improve and/or restore functional ability (Tr. 17). On August 26, 2004, Plaintiff's nurse noted that Plaintiff refused steroid injections in her back, and commented that she would "not allow anyone to put needles in her back" (Tr. 17, 127). At that time, Plaintiff's nurse explained to Plaintiff that she would probably not get disability, especially if she was unwilling to undergo therapy to help restore her function (Tr. 17, 127). On May 2, 2005, Plaintiff's nurse reported that she tried to get Plaintiff to participate in physical therapy for almost a year, but she claimed she could not afford to pay for physical therapy or a pain clinic (Tr. 17, 117). However, Plaintiff testified that she had COBRA health insurance from her employer until June 2006 (Tr. 17, 206). Furthermore, Plaintiff continued to spend money on cigarettes and testified that she smoked about one package per day (Tr. 207). See Riggins v. Apfel, 177 F.3d 689 (8th Cir. 1999) ("Although Riggins claims he could not afford such medication, there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance

7

pain medication."). Failure to follow prescribed treatment without a good reason may preclude a finding of disability. See 20 C.F.R. § 404.1530(b). Noncompliance with treatment is also a proper factor in the credibility analysis. See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005); Holley v. Massanari, 253 F.3d 1088, 1092 (8th Cir. 2001).

The ALJ also considered a medical source statement completed by Plaintiff's nurse, Ellen Vaughan, R.N., on April 6, 2005, in which she indicated that Plaintiff could not sit for more than three hours in an eight-hour workday; could not stand/walk for more than four hours in an eight-hour workday; would need to alternate between sitting and standing at 30-60 minute intervals; could not repetitively reach, handle, or finger with her right hand due to grip weakness; could occasionally lift only five to nine pounds with both hands; could rarely lift from 10 to 19 pounds; could never squat; and could rarely climb (Tr. 15, 141-44).

The ALJ properly gave no weight to Ms. Vaughan's conclusions (Tr. 18). First, Ms. Vaughan is an R.N., and not a physician. Therefore, her opinion is not entitled to the same weight as a more qualified acceptable medical source. See 20 C.F.R. § 404.1513. That aside, her estimate of Plaintiff's abilities is unsupported by the medical evidence as discussed above and as discussed by the ALJ (Tr. 13-18). Her opinion is inconsistent with her own reports and with the observations and opinions of more qualified medical sources including Dr. Palen. For example, Ms. Vaughan concluded that Plaintiff could not squat (Tr. 18, 144). However, Dr. Palen observed on August 4, 2004, that Plaintiff could fully squat and rise from a squatting position (Tr. 18, 148). Dr. Palen did not observe any difficulty bending, while Ms. Vaughan indicated that Plaintiff's could rarely bend (Tr. 18, 144, 148). Dr. Palen also indicated that Plaintiff had no real limitations in her ability to perform work-related activities (Tr. 19, 148). Ms. Vaughan's

conclusions are also inconsistent with Plaintiff's activities and evidence of Plaintiff's exaggeration, lack of effort, and/or motivation on examination discussed above.

"Although a treating physician's opinion is generally entitled to substantial weight, such opinion does not automatically control, since the record must be evaluated as a whole." Wilson v. Apfel, 172 F.3d 539, 542 (8th Cir. 1999) (citing Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir. 1996). This is not even a case of a physician rendering an opinion because Ms. Vaughan is a nurse. The ALJ need not give controlling weight to a even a physician's RFC assessment that is inconsistent with other substantial evidence in the record. See Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). A conclusory statement of disability without supporting evidence does not overcome substantial medical evidence supporting the Commissioner's decision. See Loving v. Dept. of Health & Human Services, 16 F.3d 967, 971 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 823 (8th Cir. 1992). Furthermore, the Eighth Circuit has held that an opinion that a claimant cannot be gainfully employed is not a medical opinion, but is an opinion on the application of the Social Security Act. This task is solely the responsibility of the ALJ. See Nelson v. Sullivan, 946 F.2d 1314, 1316 (8th Cir. 1991). For the many reasons discussed above, the ALJ properly gave no weight to the opinion of Ms. Vaughan (Tr. 18-19).

A claimant's subjective complaints may be discounted if there are inconsistencies in the record as a whole. See Johnson v. Chater, 108 F.3d 942, 947 (8th Cir. 1997); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997). Because the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints, and because those inconsistencies are supported by the record, his credibility finding should be affirmed. See Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (citing Polaski, 739 F.2d at 1322).

Based on his consideration of the entire record, the ALJ found that Plaintiff had the RFC to perform the exertional demands of sedentary work including sitting for up to six hours in an eight-hour workday; occasionally standing and/or walking for up to two hours total in an eight-hour workday; and lifting no more than 10 pounds (Tr. 19). See 20 C.F.R. § 404.1567(a). This RFC allows for a significant degree of limitation, and gives Plaintiff substantial benefit of the doubt. Dr. Palen's report indicated that Plaintiff could perform work at a much higher exertional level (Tr. 18-19, 148). The non-examining State Agency medical consultant also determined that Plaintiff that Plaintiff had greater physical capacities than those set forth by the ALJ based on a review of the record (Tr. 20, 79-86).

It is the duty of the ALJ to determine Plaintiff's RFC based on all of the relevant evidence. The RFC formulation is a part of the medical portion of a disability adjudication as opposed to the vocational portion which involves consideration of age, education, and work experience. Although it is a medical question, it is not based only on "medical" evidence, i.e., evidence from medical reports or sources; rather, an ALJ has the duty, at step four, to formulate RFC based on all the relevant, credible evidence of record. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations); Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir. 2000)(per curiam) (RFC is a determination based upon all the record evidence but the record must include some medical evidence that supports the RFC finding); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (it was the ALJ's responsibility to determine Anderson's RFC based on all the relevant evidence). See also 20 C.F.R. §§ 404.945, 416.945;

Social Securing Ruling 96-8p. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). However, the ALJ need only include those impairments and limitations he determines to be credible in his RFC. See Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir. 1995). In this case, Plaintiff's RFC adequately accounts for any and all of her credible limitations.

After determining Plaintiff's RFC, the ALJ compared it to Plaintiff's past relevant work as a secretary and determined that this job were not precluded by Plaintiff's RFC (Tr. 20, 69, 100-02, 109, 205-06, 217-18). If an individual can perform her past relevant work, either as she performed it, or as the work is performed in the national economy, she is not disabled. See Jones v. Chater, 86 F.3d 823, 825 (8th Cir. 1996); Gaddis v. Chater, 76 F. 3d 893, 896 (8th Cir. 1996); Jackson v. Sullivan, 984 F.2d 967 (8th Cir. 1993); Brunston v. Shalala, 945 F. Supp. 198, 202 (W.D. Mo. 1996). See Social Security Ruling 82-61.

Because the ALJ properly determined that Plaintiff retained the RFC to perform her past relevant work, Plaintiff was not under a "disability" at any time relevant to his decision. Substantial evidence supports the ALJ's decision.

## Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Plaintiff was not under a "disability" as defined in the Social Security Act. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision should be affirmed.

Respectfully submitted,

CATHERINE L. HANAWAY
UNITED STATES ATTORNEY

  s/ Jane Rund
 JANE RUND, Bar #47298
 Assistant United States Attorney
 111 S. 10th Street, Suite 20.333
 St. Louis, Missouri 63102
 (314) 539-2200
 (314) 539-2777 FAX

OF COUNSEL
Frank V. Smith III
Chief Counsel, Region VII


By
  Jeffrey J. Leifert, NE BAR #21510
  Assistant Regional Counsel


CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Donald Rhodes, Attorney for Plaintiff, P.O. Box 226, Bloomfield, Missouri 63825.

s/ Jane Rund
JANE RUND #47298
Assistant United States Attorney